**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Civil No. 14-mc-49 (PJS/JJK) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Edmund C. Bowler, and Bowler Appraisals, Inc., | |
| Respondents. | |

Bahram Samie, Esq., Assistant United States Attorney, counsel for Petitioner.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court based on the request of the United States of America that Respondents be held in civil contempt for failing to comply with the District Court's November 14, 2014 Order (Doc. No. 10) requiring Respondents to comply with an Internal Revenue Service Summons. Based on the record and on all the files and proceedings herein, the Court recommends that Respondents be held in civil contempt and makes the following proposed findings of facts and conclusions.

**PROPOSED FINDINGS OF FACT**

1.     The United States sought to enforce two Internal Revenue Service ("IRS") summonses issued to Respondents for records and testimony regarding income tax liability for the tax years 2008, 2009, 2010, 2011 and 2012.

2.     On August 21, 2014, the Court issued an Order to Show Cause requiring Respondents to appear on October 22, 2014 before the undersigned and show cause why they should not be forced to comply with the summonses. (Doc. No. 3.)

3.     Respondents were personally served with the Order and Petition on August 28, 2014. (Doc. Nos. 4-5.)

4.     Respondents failed to appear at the hearing on October 22, 2014. (Doc. No. 9 at 1.)

5.     On October 29, 2014, the Court issued a Report and Recommendation, recommending that the United States' Petition to Enforce Internal Revenue Summons be Granted and advising Respondents that failure to comply with the summonses could result in a finding of contempt. (*Id.* at 1-2.)

6.     On November 14, 2014, noting no objections to the Report and Recommendation, the District Court granted the United States' Petition to Enforce Internal Revenue Summons and ordered Respondents to appear before an IRS representative within 30 days or any later date agreed upon by the IRS and obey every requirement of the summonses. (See Doc. No. 10 at 1.)

7. To date, Respondents have not appealed or otherwise challenged the Court's decision.

8. On January 9, 2015, Revenue Officer Krista M. Sullivan left two sealed envelopes containing letters dated January 7, 2015 from the United States Attorney's Office for the District of Minnesota at Respondent Edmund C. Bowler's last and usual place of abode located at 105 Sunset Drive, Jordan, MN 55352, as well as with an employee of Respondent Bowler Appraisals, Inc. at the business's address located at 207 E. 1st Street, Jordan, MN 55352. (Doc. No. 13, Second Decl. of Krista M. Sullivan ("Second Sullivan Decl.") ¶ 3, Exs. A & B.) Enclosed with the letters were copies of the Court's November 14, 2014 Order and the April 2, 2014 summonses. (*Id.*) The letters instructed Respondents to comply with the Court's Order no later than January 23, 2015. (*Id.* ¶ 4.)

9. To date, Respondents have not contacted Revenue Officer Sullivan regarding compliance with the Court's November 14, 2014 Order. (*Id.* ¶ 5.)

10. On April 15, 2015, this Court held a hearing on its Order to Show Cause why Respondents should not be held in civil contempt. Respondents made no appearance at the hearing.

## DISCUSSION

District courts have inherent power to enforce compliance with orders through contempt proceedings. *Shillitani v. United States*, 384 U.S. 364, 370 (1966). Moreover, 26 U.S.C. § 7604(b) specifically gives this Court the authority to enforce its orders concerning summons enforcement by means of contempt

proceedings. "The party seeking a contempt order bears the burden of proving facts warranting such relief by clear and convincing evidence." *Jake's, Ltd. V. City of Coates*, 356 F.3d 896, 899-900 (8th Cir. 2004). Once a violation has been established, the burden shifts to the non-movant to show "an inability to comply." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). To prevail on an inability-to-comply defense, the non-movant must demonstrate (1) that he was unable to comply, "explaining why categorically and in detail"; (2) that his inability to comply was not "self-induced"; and (3) that he "made in good faith all reasonable efforts to comply." *Id.* at 506 (internal quotations and citations omitted).

Here, the United States has shown by clear and convincing evidence that Respondents have violated a court order. Respondents violated the November 14, 2014 Order of the District Court by failing to provide all information requested by the summons on or before January 23, 2015, as set forth in the Second Declaration of Revenue Officer Krista M. Sullivan (Doc. No. 13). The United States and this Court have offered Respondents ample time to fulfill these obligations, but Respondents have exhibited excessive delay and have made no progress towards providing the IRS the information that it needs. Accordingly, good cause exists for issuing an order of contempt for Respondents' failure to comply with this Court's November 14, 2014 Order.

## RECOMMENDATION

For the foregoing reasons, this Court **HEREBY RECOMMENDS** that:

1. Respondents be held in contempt for failing to comply with the District Court's November 14, 2014 Order;

2. A bench warrant be issued for the arrest of Respondent Edmund C. Bowler to compel compliance with the November 14, 2014 Order; and

3. Respondent Edmund C. Bowler be taken into custody and released upon production of the summoned testimony and records.

Date: April 15, 2015

      *s/ Jeffrey J. Keyes*
      JEFFREY J. KEYES
      United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of appeals. Written objections must be filed with the Court on or before **April 29, 2015**. Responses from the Government to any objection to this Report and Recommendation must be filed with the Court on or before **May 13, 2015**. Any written objections or a response to those objections must not exceed 3,500 words and must otherwise comply with Local Rule 72.2(c).